UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY BERNICK,<br><br>    Petitioner,<br><br>v.<br><br>SHAWN HATTON, Warden,<br><br>    Respondent.[1] | No. 2:17-cv-02348-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF<br><br>(Doc. Nos. 1, 25) |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pending petition for federal habeas relief, petitioner challenges his 2011 conviction in the Sacramento County Superior Court for second-degree murder in violation of California Penal Code §§ 187(a), 189 with a finding pursuant to California Penal Code § 12022.53(b)(c) and (d) that he intentionally and personally used a firearm arm to commit the crime resulting in death. (Doc. No. 1.) Petitioner was sentenced to an aggregate prison term of 45 years to life: 20 years to life for the murder conviction, plus a consecutive 25 years to life on the firearm enhancement. (*Id.* at 12.) In his petition for federal habeas relief, petitioner asserts the following claims: (1) he received ineffective assistance when his trial counsel failed to move to exclude a purportedly illegally recorded conversation between

---

[1] The docket erroneously list respondent Hatton as defendant Hatton. The Clerk of the Court is requested to correct the docket in this regard.

1

petitioner and one Vasily Dovgan; (2) his right to due process was violated by unreasonable pre-charging delay in his case; (3) the trial court erred in denying his motion for a new trial which was based upon purportedly newly discovered evidence; (4) his right to trial by an impartial jury was violated in light of evidence of jury tampering and jury bias; (5) the trial court erred in failing to instruct the jury with petitioner's proposed pinpoint instruction on transferred intent; (6) there was insufficient evidence introduced at his trial to support the guilty verdict and to disprove self-defense; and (7) he received ineffective assistance due to his appellate counsel's failure to argue on appeal that petitioner's right to a fair trial was violated when a sheriff's deputy was stationed behind petitioner during his trial testimony. (*Id.* at 18–44.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied on the merits. (Doc. No. 25.) In those extensive and well-reasoned findings and recommendations, each of petitioner's claims were analyzed and addressed in light of the state court's rulings and the applicable legal standards governing the granting of federal habeas relief. (*Id.* at 4–28.) In doing so, the magistrate judge concluded with respect to each of petitioner's claims that there was nothing objectively unreasonable about the state court's rejection of those claims under 28 U.S.C. § 2254(d) or that petitioner was otherwise not entitled to federal habeas relief. (*Id.*) Accordingly, it was recommended that the pending petition for federal habeas relief be denied. (*Id.* at 28.)

The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within twenty-one (21) days of the date of their service. (*Id.*) On December 1, 2023, after receiving three extensions of time in which to do so, petitioner filed his objections to the pending findings and recommendations. (Doc. No. 32.) Respondent did not file a response to petitioner's objections.

In his objections, petitioner stood on his petition and reply brief filed in support of his petition and advanced no additional arguments as to his claims 1, 2, and 5. (*Id.* at 4, 7.) As to his claims 3, 4, 6, and 7, petitioner's counsel did provide some specific basis for objecting to the analysis and conclusions set forth in the findings and recommendations. (*Id.* at 4–10.) However,

2

the court finds none of the arguments advanced in the objections to be at all persuasive. In short, petitioner's objections fail to provide any basis for questioning the correctness of the detailed analysis of petitioner's claims set forth in the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied on the merits.

In addition, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on July 17, 2023 (Doc. No. 25) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is denied;

/////

3

3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 1, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4